**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARIO MONTEIRO** | : | |
| | : | |
| **v.** | : | **C.A.: 08-071S** |
| | : | |
| **STATE OF RHODE ISLAND, and** | : | |
| **A.T. WALL, Director of the Rhode** | : | |
| **Island Department of Corrections, et al** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S WRIT OF HABEAS CORPUS**

Now comes the State of Rhode Island, by and through its attorneys, and hereby moves to dismiss petitioner's Petition For Writ Of Habeas Corpus relief. The reasons in support of the State of Rhode Island's motion to dismiss are set forth in the accompanying memorandum of law.

Respectfully Submitted,
**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
______________________
**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on March 27, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on the same date: Mario Monteiro, Pro Se, P.O. Box 8273, Cranston, RI 02920.

/s/ Virginia M. McGinn

PDF created with pdfFactory trial version www.pdffactory.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MARIO MONTEIRO** | : | |
| | : | |
| **v.** | : | **C.A.: 08-071S** |
| | : | |
| **STATE OF RHODE ISLAND, and** | : | |
| **A.T. WALL, Director of the Rhode** | : | |
| **Island Department of Corrections, et al** | : | |

**MEMORANDUM IN SUPPORT OF STATE OF RHODE ISLAND'S MOTION TO DISMISS PETITIONER'S WRIT OF HABEAS CORPUS**

**Travel**

Petitioner, Mario Monteiro, was convicted of first-degree murder, conspiracy to commit murder, discharging a firearm resulting in death and assault with a dangerous weapon and three other charges relating to the use of a firearm following a jury trial in Providence County Superior Court in April and May of 2003. He was sentenced to two consecutive life sentences for the first-degree murder and for discharging a firearm during a crime of violence and to a number of concurrent sentences. The Rhode Island Supreme Court (RISC) affirmed his conviction. *See* State v. Monteiro, 924 A.2d 784 (R.I. 2007)(Attached Hereto as Exhibit A).

**Claims**

Monteiro has now filed the instant federal habeas action pursuant to 28 U.S.C. §2254. He claims that the trial justice erred in refusing to grant his motions to suppress both of his confessions on the grounds that they were "involuntarily made". *Habeas Petition*, p. 6. He claims that the fact he was seventeen, had not graduated from high school and had never been arrested before tended to indicate that the statements were not

PDF created with pdfFactory trial version www.pdffactory.com

voluntary. Moreover, he argues that the police "lied to him, and manipulated his legal guardian into being his adversary and getting him to confess." ***Habeas Petition***, p. 6. His second claim is that the trial justice erred by failing to grant his motion for a mistrial after an "unfair, inflammatory comment was made by prosecutor in opening statement." ***Habeas Petition***, p. 7. And finally, petitioner claims that his consecutive life sentences, pursuant to Rhode Island General Law § 11-47-3.2, are unconstitutional and violate both principles of double jeopardy and separation of powers, in addition to constituting cruel and unusual punishment. ***Habeas Petition***, p. 9.

**Standard of Review**

The Anti-terrorism and Effective Death Act (AEDPA) limits the scope of federal habeas review to those instances where a state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the Untied States." 28 U.S.C. § 2254 (d)(1). A decision is "contrary to" established precedent if 1) the state court applies a rule that contradicts a Untied States Supreme Court case or 2) the facts of the state case are indistinguishable from those of a case confronted by the United States Supreme Court and reaches a different result. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). An "unreasonable application" of law involves some level of incorrectness beyond mere error that makes the decision unreasonable in the objective judgment of the federal court. McCambridge v. Hall, 303 F.3d 24, 36 (1st Cir. 2002)(*en banc*). "[I]f it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application." ***Id***. Also, the federal court shall presume that the state court's determination of factual issues is correct. ***See*** 28 U.S.C. § 2254 (e)(1).



PDF created with pdfFactory trial version www.pdffactory.com

Federal habeas corpus is designed neither to provide an additional layer of conventional appellate review nor to correct "garden-variety errors" of either law or fact that may have occurred in a state criminal trial. Burks v. Dubois, 55 F.3d 712, 715 (1st Cir. 1995). Federal courts are not forums in which to retry state claims and habeas corpus is precluded "when a state court has reached its decision on the basis of an adequate and independent state-law ground." Burks v. Dubois, 55 F.3d at 716.

**Discussion**

1. Statement. The RISC recognized that both the United States and the Rhode Island Constitutions forbid the use of a defendant's involuntary confession. In support of that proposition, it cited both applicable federal and state law.[1]

> In accordance with the crucially important holding in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), before a confession can be used at trial, the state must establish, by clear and convincing evidence, that the defendant knowingly and intelligently waived his or her right against self-incrimination and that the statement was voluntary.

State v. Monteiro, 924 A.2d at 790.

Therefore, the RISC did not apply a rule that contradicted a United States Supreme Court case, rather, it explicitly applied the principles of the controlling Supreme Court case.

Moreover, its application of those principles was certainly not unreasonable considering the facts of this case. In this case, Monteiro acknowledged that he both received and understood his Miranda rights. State v. Monteiro, 924 A.2d at 789. He also "admitted knowing that he had a right to counsel, but acknowledged that he opted to proceed without a lawyer." State v. Monteiro, 924 A.2d at 791. The trial court also accepted as credible the testimony of Detective Thomas Rawnsley, who indicated that

[1] State v. Humphrey, 715 A.2d 1265, 1274 (R.I. 1998).



PDF created with pdfFactory trial version www.pdffactory.com

petitioner did not seem hesitant to make a statement and denied Monteiro's claim that he told petitioner that he would receive a "light sentence" if he confessed.

> The evidence presented at the suppression hearing discloses that Det. Rawnsley advised defendant of his rights both orally and in writing. The defendant read and signed the waiver of rights form that set forth the fact that he was a suspect in the crime of murder. Significantly, Palmer [Monteiro's legal guardian] was present during the interview and was allowed to converse with Monteiro privately at several points during the interrogation. Detective Rawnsley testified that defendant did not appear to be under the influence of alcohol or drugs, nor did he indicate an unwillingness to make a statement. Finally, Det. Rawnsley testified that no one made any promises to defendant or otherwise coerced him into waiving his rights.

State v. Monteiro, 924 A.2d at 790. *See also* Trial Justice's Decision regarding Motion to Suppress (Attached Hereto as Exhibit B).

Additionally, the RISC noted that while Monteiro freely implicated his involvement in the earlier, and less serious offenses, he attempted to shift responsibility to another gang member for the actual murder. This statement was contradicted by the other testimony and evidence in the case, but demonstrated that petitioner was "calculating and cunning and understood the gravity of his position when he implicated his fellow gang member in the murder. This fact weighs in favor of finding voluntariness." State v. Monteiro, 924 A.2d at 791.

Not only did the RISC apply the proper law to the examination of the voluntariness of Monteiro's confession, but they applied the law correctly considering the, primarily uncontradicted, facts of this case. When the totality of the circumstances of Monteiro's arrest and questioning are examined, it is apparent that both the trial court and the reviewing court correctly found by clear and convincing evidence that "defendant's statements to the police were the product of a knowing and voluntary



PDF created with pdfFactory trial version www.pdffactory.com

waiver of his constitutional rights and were not obtained by threats, promises, or other inducements." State v. Monteiro, 924 A.2d at 791.

2. Mistrial. Despite petitioner's claim that a mistrial or cautionary instruction was warranted by the prosecutor's opening statement describing the victim of the murder, he asked for neither remedy below. State v. Monteiro, 924 A.2d at 792. Therefore, this issue has been waived based upon independent and adequate state law grounds. *See* State v. Portes, 840 A.2d 1131, 1141 (R.I. 2004)(raise or waive rule provides that if defendant does not raise proper objection below the issue is not properly preserved for appeal) ***and*** Walker v. Russo, 483 F.Supp.2d 128, 133 (D.Mass. 2007)(state procedural rule such as failure to preserve objection may constitute adequate and independent ground barring federal habeas review).

Moreover, Monteiro is unable to overcome this procedural default since he has not shown cause and prejudice or a miscarriage of justice. *See* Burks v. Dubois, 55 F.3d at 716. As the RISC recognized, all the prosecutor did in her opening was to indicate that the victim was thirty-one years old, employed and had a family who cared for him. "We fail to see how a brief glimpse into the humanity of a murder victim would so incite prejudice in the minds of the jury to warrant a mistrial." State v. Monteiro, 924 A.2d at 792. This is particularly true in a case where defendant admitted to shooting at members of the rival gang numerous times in a twenty four hour period and after the murder, "admitted that upon returning to the van, he shouted 'we shot 'em, we shot 'em'" and additionally, that after disposing of the weapon and later returning to the scene he and his friends were disappointed to see that only one police car had responded. State v. Monteiro, 924 A.2d at 789.



PDF created with pdfFactory trial version www.pdffactory.com

3. Consecutive Sentences. The issues relating to petitioner's sentencing are more fully discussed in the briefs filed by both parties in the RISC. *See* Monteiro's Brief (Attached Hereto as Exhibit C) *and* State's Brief (Attached Hereto as Exhibit D).

(a) *Double Jeopardy*. The seminal United States Supreme Court regarding double jeopardy is Blockburger v. United States, 284 U.S. 299 (1932). The test enunciated in Blockburger for determining whether there are two offenses or only one when the same act or transaction is involved is whether each provision requires proof of a fact that the other does not. As the RISC recognized in two previous decisions, which it declined to revisit at Monteiro's request, when dealing with the counts of murder and using a firearm during a crime of violence, the Blockburger test is satisfied since each crime requires "proof of a separate and additional fact that the other does not; to wit murder and using a firearm, respectively." State v. Rodriguez, 822 A.2d 894, 906 (R.I. 2003)(Attached Hereto as Exhibit E). *See also* State v. Feliciano, 901 A.2d 631, 647 (R.I. 2006)(Attached Hereto as Exhibit F).

Furthermore, even if the two statutes *did* proscribe the same conduct, the "General Assembly's affirmative act in specifically authorizing consecutive sentences in such circumstances operated to defeat challenges sounding in double jeopardy." State v. Feliciano, 901 A.2d at 648. *See also* Missouri v. Hunter, 459 U.S. 359, 366 (1983)("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."), 368-69 ("Where as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, a court's task of



PDF created with pdfFactory trial version www.pdffactory.com

statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.").

(b). *Separation of Powers*. "Legislatures, not courts, prescribe the scope of punishments." Missouri v. Hunter, 459 U.S. at 368. The RISC cited Missouri v. Hunter for that proposition and then properly determined that "[i]t is the Legislature's prerogative to authorize cumulative punishments; when it does so, it is the judicial task to impose that sentence in due course." State v. Monteiro, 924 A.2d at 794.

> This Court has long held that it is the prerogative of the General Assembly to define criminal offenses and set forth the sentences for those crimes and that when it does so, the Legislature is not intruding upon the judicial function.

State v. Monteiro, 924 A.2d at 793.

The RISC once again followed United States Supreme Court precedent and applied it correctly to the facts of the instant case and Monteiro is unable to offer any support for his assertion to the contrary.

(c). *Cruel and Unusual Punishment*. Finally, in addressing Monteiro's claim that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment, the RISC cited both Ewing v. California, 538 U.S. 11 (2003) and Lockyer v. Andrade, 538 U.S. 63 (2003). As it recognized, those cases stand for the proposition that "a constitutional violation will be found only in extreme circumstances in which the sentence is grossly disproportionate to the offenses for which defendant stands convicted." State v. Monteiro, 924 A.2d at 795. In light of the facts of this murder, it is clear that the RISC did not unreasonably apply this caselaw.

> The record portrays a daylong gun battle on the streets and playgrounds of the city of Providence. After defendant declared his intention to kill a member of a rival gang, he fired his weapon on three separate occasions,



PDF created with pdfFactory trial version www.pdffactory.com

> culminating in the death of an innocent party. After reviewing this record, we are satisfied that this crime is precisely the type of gun violence that the Legislature intended to address when it provided for a mandatory consecutive sentence of life imprisonment for using a firearm while committing murder.

State v. Monteiro, 924 A.2d at 795.

## Conclusion

For the foregoing reasons, the State respectfully requests that the petition for habeas corpus be dismissed.

Respectfully Submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn

**VIRGINIA M. McGINN, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

## CERTIFICATION

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on March 27, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I sent a copy of the within motion to the following by first-class mail on the same date:

Mario Monteiro, Pro Se
P.O. Box 8273
Cranston, RI 02920

/s/ Virginia M. McGinn



PDF created with pdfFactory trial version www.pdffactory.com